## HESTER v. BARKER.

1. MARRIED WOMAN—MORTGAGE—ACT OF 1887—CASE CRITICISED.—Where a married woman executed mortgages in 1890, and therein declared her intention to bind and charge her separate estate, her intention thus declared was effectual to charge her separate estate under the act of 1887 (19 Stat., 819), and the construction of that act in Scottish &c. Company v. Mixson, 38 S. C., 432. Therefore, there was error in receiving testimony to show that the mortgages were given to secure debts of another, and in decreeing on such testimony that the mortgages were invalid.

2. IBID.—IBID.—IBID.—The mortgages having declared the debt, and then declared the intention to charge the separate estate, such charge must relate to all the indebtedness set forth in the mortgage, and cannot be limited to a portion thereof that was contracted for the use of the separate estate.

Before ALDRICH, J., Pickens, September, 1892.

Action by R. A. Hester against Evaline Barker and the Geiser Manufacturing Company, commenced in February, 1892.

*Mr. Julius E. Boggs*, for appellant.

*Mr. J. P. Carey*, contra.

July 27, 1894.    The opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER.    The plaintiff brought this action to foreclose a mortgage on real estate, executed by the defendant, Evaline Barker, to the plaintiff, and the Geiser Manufacturing Company was made a party defendant, as the holder of a junior mortgage on the same real estate.    Both of these mortgages were executed after the passage of the act of 1887, and prior to the passage of the act of 1891.    The defendant, Evaline Barker, in her answer, sets up as her main defence the fact that she was, at the time of the execution of the mortgages above referred to, a married woman, and that the debts which such mortgages were intended to secure, arose out of contracts which she, as a married woman, had no power to make, inasmuch as they were not contracts as to her separate estate, except the sum of fifty dollars, embraced in the note to the plaintiff.

By an order of the court, it was referred to a referee to hear and determine the issues of law and fact, and to report the amount due on plaintiff's note and mortgage, as well as the amount due on any other lien set up against the land described in the complaint.    In pursuance of this order a reference was held, at which, against the objection of the counsel for the plaintiff as well as for the Geiser Manufacturing Company, testimony was received tending to show that all of the debt secured by plaintiff's mortgage, except the sum of fifty dollars, was the debt of the husband of Evaline Barker, and in no way connected with or related to her separate estate; and that the note secured by the mortgage in favor of the Geiser Manufacturing Company was signed by the said Evaline Barker, as the surety of her husband.    It appeared, however, from the notes and mortgages, copies of which are set out in the "Case," that

9—42

the note intended to be secured by the mortgage in favor of the plaintiff, contained these words: "And I hereby express my intention to bind and charge my separate estate," and that the mortgage signed by Evaline Barker securing that note, contained these words: "And I do hereby express my intention by this instrument to bind, charge, and convey my separate estate;" and that the note intended to be secured by the mortgage in favor of the Geiser Manufacturing Company, contained these words: "And I, Evaline Barker, hereby intend to bind and charge my separate estate, and express my intention hereby to bind it;" while the mortgage to secure that note contained this language: "And I, Evaline Barker, hereby express my intention to charge, bind, and convey my separate estate, and do hereby convey the same."

The referee made his report, setting out the facts found by him in detail, and concluded as matter of law that both the notes and both of the mortgages were legal and valid instruments, and bound the separate estate of the defendant, Evaline Barker, for the payment of the amounts found due thereon. To this report the defendant, Evaline Barker, excepted, and the case came before his honor, Judge Aldrich, for a hearing upon the report and exceptions, who held that the defendant, Evaline Barker, was liable only for the sum of fifty dollars, with interest thereon, embraced in the note to the plaintiff, and was not liable at all on the note and mortgage in favor of the Geiser Manufacturing Company, upon the ground that, except as to the fifty dollars, these debts not arising out of contracts as to her separate estate, the defendant, being a married woman, could not be held liable therefor, and he rendered judgment accordingly. From that judgment the plaintiff as well as the defendant, the Geiser Manufacturing Company, appeal upon the several grounds set out in the record, which need not be repeated here, as the single question is whether the Circuit Judge erred in holding that the married woman was not liable, notwithstanding her explicit declarations, contained in both of the notes and both of the mortgages, of her intention to make herself and her separate estate liable.

Inasmuch as the Circuit Judge, in his decree, makes no allu-

sion to the act of 1887, or to the effect of the declarations of the mortgagor's intention contained in both of the mortgages, we must suppose that that act escaped attention.    At all events, he could not have known of the construction which this court has placed upon that act in the case of *The Scottish Company* v. *Mixson*, 38 S. C., 432, as the opinion in that case was not filed until the 16th of March, 1893, and the Circuit decree bears date 12th October, 1892.

It seems to us that the terms of the act of 1887 (19 Stat., 819), especially as construed in the case just cited, place the question beyond dispute.    In that case this court said, in speaking of the act of 1887: "This act having been adopted in full view of the previous law upon the subject, was manifestly designed to effect a radical change in such previous law, not only by making it a question of *intention* instead of a question of *power*, but declaring how the intention should be conclusively manifested. * * * Whenever, therefore, we find a case in which a married woman has executed a mortgage of her separate estate, and has declared in such mortgage her intention to charge such separate estate, we are bound to make it, as the legislature declared it should be, effectual to charge her separate estate; and we have no right to inquire further into the matter."    Hence the testimony offered in this case tending to show that, except as to the fifty dollars, the contracts designed to be secured by the mortgages were not contracts as to the separate estate of the married woman, was wholly irrelevant to the issue, and should have been rejected when objected to; and if received, could not be allowed any effect, as the legislature had seen fit to declare how the intention of a married woman to charge her separate estate should be *conclusively* manifested.    When, therefore, as in this case, the married woman had conclusively manifested her intention to charge her separate estate, by inserting in both mortgages, as well as in the notes, intended to be secured thereby, her explicit declaration to that effect, the court had no right to inquire further into the matter.    Of course, these remarks apply only to contracts under the act of 1887, and are not applicable to cases arising under the act of 1891.    We are of opinion, therefore, that the Circuit Judge erred in the view

which he took, and that, on the contrary, the conclusions of law reached by the referee should have been affirmed.

Counsel for respondent, in his argument here, has ingeniously attempted to argue that the expression of intention on the part of the defendant to bind her separate estate, should be so construed as to limit her intention to the fifty dollars, which was confessedly her own debt; but we see no ground for so limiting the expression. The words used are general, and apply as well to one portion of the amount mentioned in the note as to any other; in fact, must be regarded as intended to cover the whole amount, in the absence of any words indicating an intention that it was to be confined to any particular part of such amount. So as to the claim of the Geiser Manufacturing Company; if the words used both in the note and in the mortgage cannot be construed as applying to the whole amount mentioned in the note and mortgage, then they are meaningless, and yet, under the rules of construction, they must, if possible, be given some meaning. But, really, we do not see how there can be a doubt about it. Where a person, even though she be a married woman, by her note, promises to pay a specified sum of money, and then adds the language found in this note and in this mortgage, we do not see how there can be a doubt that her intention was to bind her separate estate for the payment of the sum of money specified.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and that the case be remanded to that court for such further proceedings as may be necessary to carry out the views herein announced.